**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose MEJIAS, a/k/a Meija, Joe, Defendant–Appellant.**

**No. 91–4020.**

United States Court of Appeals, Eleventh Circuit.

March 13, 1995.

Vivian C. Maye, Tampa, FL, for JP.

Kim Seavey, Tampa, FL, for RD.

Robert H. Dillinger, St. Petersburg, FL, for JM.

James C. Preston, Jr., Karla R. Spaulding, Vickie L. Johnson, Tamra Phipps, Greg Kehoe, Asst. U.S. Attys., Tampa, FL, for appellee.

Before EDMONDSON and DUBINA, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Jose Mejias ("Mejias") appeals his sentences imposed for his convictions of possession with intent to distribute cocaine and possession with intent to distribute marijuana. The district court found that Mejias' prior plea of *nolo contendere* to a third-degree drug felony in Florida state court, where adjudication was withheld, constituted a "conviction" for purposes of a sentencing enhancement under 21 U.S.C. § 841(b)(1)(B). Because we are persuaded that the district court properly determined Mejias' sentence, we affirm.

## I. Background

Mejias was convicted of possession with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine and 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846, and of possession with intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court determined that Mejias' offense level was 24, with a criminal history category of II, calling for a sentencing guidelines range of 51 to 71 months imprisonment. The district court also considered, however, whether Mejias should receive a sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(B). The district court found that Mejias' prior *nolo contendere* plea to a third-degree drug felony in Florida state court, where adjudication was withheld, constituted a prior felony drug conviction for purposes of the section 841(b)(1)(B) enhancement. Accordingly, the court sentenced Mejias to the mandatory minimum sentence of ten years imprisonment. Mejias filed a notice of appeal of the district court's imposition of sentence on November 29, 1991 (the present appeal), but later dismissed that appeal on February 1, 1993.

On October 9, 1992, the government filed a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure seeking to preserve jurisdiction until Mejias completed his substantial assistance to the government. On March 1, 1993, the government filed a second motion seeking a reduction of Mejias' sentence, fully apprising the district court of the substantial assistance Mejias had rendered since sentencing. The district court denied both Rule 35 motions for lack of

jurisdiction. The district court later denied the government's motion for reconsideration of its order denying Rule 35 relief. Mejias filed a notice of appeal from the district court orders denying Rule 35 relief. We dismissed that appeal for lack of jurisdiction. We then reinstated the present appeal, which is Mejias's appeal from his sentence.

## II. Issue and Standard of Review

■ The sole issue presented in this appeal is whether the district court correctly determined that a plea of *nolo contendere* followed by a withholding of adjudication supported a sentencing enhancement under 21 U.S.C. § 841(b)(1)(B).[1] As an initial matter, we note that the application of law to sentencing issues is subject to *de novo* review by this court. *United States v. Robinson,* 935 F.2d 201, 203 (11th Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 885, 116 L.Ed.2d 789 (1992).

## III. Analysis

This case presents an issue of first impression in this circuit: whether the determination of what constitutes a "conviction" for purposes of a sentencing enhancement under section 841(b)(1)(B) is a matter of federal law or state law. Section 841(b)(1)(B) provides for an enhancement of a defendant's sentence to a mandatory minimum term of ten years imprisonment if he or she committed a violation of 21 U.S.C. § 841(a)(1) "after one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final...." 21 U.S.C. § 841(b)(1)(B). Mejias contends that a plea

of *nolo contendere* where adjudication is withheld is not a "conviction" under Florida law, *see Garron v. State,* 528 So.2d 353, 360 (Fla.1988), and, therefore, that an enhancement under section 841(b)(1)(B) is not warranted. In support of this assertion, Mejias cites two federal district court cases that apply state law and hold that a plea of *nolo contendere* followed by a withholding of adjudication is not a conviction under 18 U.S.C. § 922(g)(1), the Federal Firearms Statute.[2] *United States v. Thompson,* 756 F.Supp. 1492, 1497–98 (N.D.Fla.1991); *United States v. Lester,* 785 F.Supp. 976, 977–80 (S.D.Fla. 1991); *see also United States v. Smith,* 856 F.Supp. 665, 666–67 (S.D.Fla.1994) (applying Florida law and holding that a plea of *nolo contendere* with adjudication withheld is not a conviction for purposes of an enhancement under section 841(b)(1)(A)).

■ The meaning of the word "conviction" in a federal statute is a question of federal law unless Congress provides otherwise. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 119, 103 S.Ct. 986, 995, 74 L.Ed.2d 845, 858 (1983) ("[I]n the absence of a plain indication to the contrary, ... it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law."). Thus, the district court cases cited by Mejias focus on specific language in the Federal Firearms Statute directing that "[w]hat constitutes a conviction ... shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). In contrast, there is nothing in section 841(b)(1)(B) to suggest that Congress intended that the definition of a conviction should depend upon state law, rather than federal law. Therefore, we agree with our sister circuits that have addressed this question and hold that federal law, rather than state

---

1. Mejias also argues that the district court erred in refusing to grant a reduction in sentence pursuant to Fed.R.Crim.P. 35(b) for Mejias having rendered substantial assistance to the government. On February 10, 1994, however, this court dismissed for lack of jurisdiction the appeal of the denial of the government's Rule 35(b) motion. Therefore, this issue is not properly before us in this appeal.

2. Section 922 provides in pertinent part:

    (g) It shall be unlawful for any person—
      (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(g)(1).

law, governs the interpretation of section 841(b)(1)(B). *See United States v. McAllister*, 29 F.3d 1180, 1185 (7th Cir.1994) (noting that section 841(b)(1)(B) relies on state law only to determine the difference between a felony and a misdemeanor); *United States v. Gomez*, 24 F.3d 924, 930 (7th Cir.) (holding that "federal rather than state law defines 'conviction' for purposes of § 841(b)(1)(B)"), *cert. denied,* —— U.S. ——, 115 S.Ct. 280, 130 L.Ed.2d 196 (1994); *United States v. Meraz*, 998 F.2d 182, 183 (3d Cir.1993) (stating that the interpretation of section 841(b)(1)(B) is a matter of federal law); *United States v. Campbell*, 980 F.2d 245, 250 n. 6 (4th Cir. 1992) (stating that interpretation of "federal conviction" language of section 841 is a matter of federal law), *cert. denied,* —— U.S. ——, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993). *Cf. United States v. Morales*, 854 F.2d 65, 68 (5th Cir.1988) (holding that the date on which a state conviction becomes "final" under section 841(b)(1)(B) is a question of federal law). Accordingly, we look to federal case law to determine what constitutes a "conviction" under section 841(b)(1)(B).

■ This court has held that, for purposes of the career offender provisions of the sentencing guidelines, a *nolo contendere* plea to a state felony charge constitutes a prior conviction, even though the court withheld adjudication. *United States v. Jones*, 910 F.2d 760, 761 (11th Cir.1990) (holding that plea of *nolo contendere* with adjudication withheld is a conviction for purposes of U.S.S.G. § 4B1.1). We see no reason to establish a different rule in the context of sentencing under section 841(b)(1)(B). Therefore, we hold that the district court properly determined that Mejias' prior plea of *nolo contendere* with adjudication withheld in Florida state court is a "conviction" that supports an enhanced sentence under section 841(b)(1)(B). To decide otherwise would disrupt uniformity in federal sentencing and frustrate the purpose of sentence enhancement under section 841(b)(1)(B)—to punish and deter recidivism.

## IV. Conclusion

In summary, we hold that federal law, rather than state law, defines what consti-

tutes a "conviction" for purposes of section 841(b)(1)(B). The district court, therefore, correctly determined that Mejias' plea of *nolo contendere* where adjudication was withheld is a "conviction" supporting an enhancement of his sentences under section 841(b)(1)(B). Accordingly, we affirm Mejias' sentences.

AFFIRMED.