United States Court of Appeals,

Eleventh Circuit.

No. 94-4725

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,

v.

Freddie Lee SMITH, a.k.a. Fat Freddie, Defendant-Appellant, Cross-Appellee.

Oct. 9, 1996.

Appeals from the United States District Court for the Southern District of Florida. (No. 93-6166-CR-SH), Shelby Highsmith, District Judge.

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Court appointed counsel in this direct criminal appeal has moved to withdraw and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that her assessment of the relative merit of the direct appeal is correct. Because independent examination of the record reveals no issues of arguable merit, counsel's motion to withdraw is GRANTED and Smith's convictions are AFFIRMED.

The government has cross-appealed with respect to the sentence given in this case. The sentencing court found that the government could not rely upon Smith's 1978 state court plea of *nolo contendere* to a felony narcotics offense, followed by a withholding of adjudication, because it was not a "conviction" within the purview of 21 U.S.C. §§ 841(b)(1)(A) and 851. *United States v. Smith,* 856 F.Supp. 665 (S.D.Fla.1994).

In *United States v. Mejias,* 47 F.3d 401, 404 (11th Cir.1995), we specifically held that a "prior plea of *nolo contendere* with adjudication withheld in Florida state court is a "conviction' that supports an enhanced sentence under [federal narcotics laws]." In reaching this conclusion, we noted that "[t]he meaning of the word "conviction' in a federal statute is a question of federal law unless Congress provides otherwise." *Id.* at 403 (citing *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 119, 103 S.Ct. 986, 995, 74 L.Ed.2d 845 (1983)). Because there is no indication in either 21 U.S.C. § 841 or § 851 that Congress intended that the definition of a conviction should be determined by reference to state law, we concluded that federal law was controlling. *Id.* at 403-04.

Applying *Mejias* to the instant case, we VACATE the decision of the sentencing court whereby it failed to consider Smith's 1978 state felony disposition as a conviction for the purpose of 21 U.S.C. §§ 841 and 851, and REMAND to the district court for resentencing in accord with our decision in *Mejias.* Smith, the cross-appellee, contends that application of *Mejias* in these circumstances would result in a mandatory sentence of life imprisonment and that imposition of such a sentence would constitute cruel and unusual punishment under the Eighth Amendment. However, until the district court imposes such a sentence, Smith's challenge is premature and not ripe for review. If the government at resentencing again requests that a mandatory life sentence be imposed and the court does so, Smith may raise, preserve and pursue his Eighth Amendment challenge at that time.

Accordingly, we AFFIRM the convictions of Smith, VACATE Smith's sentence, and REMAND to the district court for resentencing.