[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16682

_____

D.C. Docket No. 06-00004-CR-FTM-99SPC

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JIMMY LOUISUIS,
a.k.a. J.C.,
ELEX PIERRE,
a.k.a. Showtime,
EXUIS LOUIS,
a.k.a. X-Man,
JOSEPH JOHNSON,
a.k.a. Trap,
etc.,

Defendants–Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(September 26, 2008)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

Jimmy Louisuis, Exuis Louis, Joseph Johnson, and Elex Pierre appeal from their respective convictions and sentences for drug trafficking.[1] The convictions were based on surveillance and controlled purchases of crack cocaine on several occasions involving the defendants at two different locations: an apartment on Hemingway Circle and an apartment on Andrew Drive in Naples, Florida. Pursuant to a search warrant, authorities first searched the Hemingway Circle apartment and seized: cocaine, crack cocaine, plastic bags used to package narcotics, measuring utensils commonly used to prepare crack cocaine, a safe

---

[1] All of the defendants were convicted of conspiracy with intent to distribute fifty (50) grams or more of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii) (Count One); conspiracy to possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(iii) and 18 U.S.C. § 2 (Count Four); knowingly and intentionally using and maintaining a place at 5210 Hemingway Circle, Apartment 2304, Naples, Florida 34116, for the purpose of manufacturing and distributing cocaine base in violation of 21 U.S.C. § 856(a)(1), 21 U.S.C. § 856(b), and 18 U.S.C. § 2 (Count Five); and, while aiding and abetting said co-defendants, knowingly possessing firearms in furtherance of a drug trafficking crime, namely conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2 (Count Six). Louisuis and Pierre were also convicted of a second charge of knowingly, willfully, and with intentionally possessing with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and 18 U.S.C. § 2 (Count 8), and knowingly and intentionally using and maintaining a place at 2615 Andrew Drive, Naples, Florida 34116, for the purpose of distributing cocaine base in violation of 21 U.S.C. § 856(a)(1), 21 U.S.C. § 856(b), and 18 U.S.C. § 2 (Count 9). Additionally, Pierre was convicted of possessing cocaine base with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) (Counts Two and Three), and Johnson was convicted of possessing a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Seven).

containing Louisuis's driver's license and Social Security card, a handgun holster, a bulletproof vest bearing Pierre's fingerprints, a loaded pistol inside a jacket on the floor, an envelope bearing Louisuis's fingerprints on it, a receipt bearing Louis's signature, a county jail property release form showing Pierre's payment of Johnson's bond, marijuana packaged in plastic bags, a digital scale, two assault rifles, three handguns, ammunition, magazines for a rifle and handgun, and approximately $6,000. Pierre's fingerprints were on a plastic bag and envelope. Pierre's and Louisuis's fingerprints also were on another envelope. Authorities also seized numerous cellular telephones from the apartment. Johnson and Louis were arrested during the search. Authorities then obtained two warrants for Pierre's arrest.

Approximately one month later, with an arrest warrant for Pierre, the police entered the apartment on Andrew Drive to serve the arrest warrant on Pierre and also arrested Louisuis who was in the apartment. While there, they observed drugs on the floor of the bedroom in which they found Pierre and Louisuis. This formed the basis for the subsequent search warrant obtained and served on the premises.

Appellants raise several arguments on appeal, and we consider each in turn.

## JIMMY LOUISUIS,

Louisuis first argues that his conviction for knowingly and intentionally

3

using and maintaining a place at 2615 Andrew Drive, Naples, Florida 34116, for the purpose of distributing cocaine base in violation of 21 U.S.C. § 856(a)(1), 21 U.S.C. § 856(b), and 18 U.S.C. § 2 (Count 9), must be reversed because the district court erred in denying his motion to suppress the evidence obtained from that address. He argues that law enforcement officials did not have a search warrant when they entered the Andrew Drive residence at the time of his arrest, and therefore all of the evidence obtained from the residence should have been suppressed. The district court denied the motion, finding that the entry was permitted by exigent circumstances. We need not address whether exigent circumstances existed here because the record reflects that the officers had a warrant to arrest Pierre whom they reasonably believed to be living in the residence and present at the residence at the time. See United States v. Bervaldi, 226 F.3d 1256, 1263 (11th Cir. 2000) ("'[F]or law enforcement officials to enter a residence to execute an arrest warrant for a resident of the premises, the facts and circumstances within the knowledge of the law enforcement agents, when viewed in the totality, must warrant a reasonable belief that the location to be searched is the suspect's dwelling, and that the suspect is within the residence at the time of entry.'" (quoting United States v. Magluta, 44 F.3d 1530, 1535 (11th Cir. 1995))). Moreover, the law enforcement officials did not search the residence at the time of

4

the entry. They observed drugs in plain view during the arrest and returned thereafter with the requisite warrant to search the residence.

Louisuis next argues that the evidence produced by the government was insufficient to support his convictions because the government did not prove that he knowingly entered into the drug conspiracy alleged in Count One of the indictment but only showed that, at most, he associated with criminals. Additionally, Louisuis argues that there was no proof of a nexus between his constructive possession of the firearms and any drug trafficking offense. The record supports the convictions because the on-going criminal activities—including Louisuis's sale of drugs—and Louisuis's constructive control over the illicit materials permit the inference that Louisuis was more than just an innocent bystander. As to the firearm count, the recovery of the firearms in close proximity to drugs show a nexus between the possession and the drug trafficking offense.

Next, Louisuis argues that the district court erroneously failed to dismiss a juror for his inability to focus on the trial. The record indicates that the district court dismissed the juror at Louisuis's request and, therefore, there is no adverse ruling for us to review.

Louisuis also asserts that the cumulative effect of all of the errors alleged in

his brief warrants reversal. Because the district did not err as to the issues raised by Louisuis, he was not deprived of a fundamentally fair trial.

Finally, Louisuis adopts his codefendants' arguments, which challenge the district court's determination that it could not consider the crack-cocaine disparity. This conflicts with the intervening Supreme Court decision in <u>Kimbrough v. United States</u>, __ U.S. __, __, 128 S. Ct. 558, 575, 169 L. Ed. 481 (2007). Thus, we reverse Louisuis's sentence and remand for resentencing.

## **EXUIS LOUIS,**

Louis first argues that the district court erred by denying his motion to sever his trial from that of his codefendants. We find nothing in the record that demonstrates that trying him jointly with his codefendants would result in any specific prejudice to him. Second, Louis argues that government witness Ivane Camille's testimony was incredible as a matter of law. Camille asserted that her testimony against Louis was not coerced, and she offered plausible explanations for minor inconsistencies between her trial testimony and past statements. Her testimony cannot be deemed incredible as a matter of law, and the district court did not err by allowing the jury to consider her testimony. Third, because Louis has not demonstrated that the evidentiary rulings which he claims were erroneous prejudiced him in any way, those rulings did not deprive him of a fair trial.

6

As to his sentence. Louis argues that the district court's determination that it could not consider the crack-cocaine disparity violates Kimbrough, 128 S. Ct. at 575. We agree. As the government now acknowledges, the Supreme Court made clear in Kimbrough that a district court could consider the crack-cocaine disparity in fashioning a reasonable sentence. Id. Accordingly, we reverse Louis's sentence and remand for resentencing.

## JOSEPH JOHNSON,

Johnson argues that the government presented insufficient evidence to support his convictions because they did not demonstrate that the firearms were connected with interstate commerce or the drug trafficking offense. Johnson also argues that the evidence was insufficient to support the drug and conspiracy convictions because it did not show that he was part of the trafficking. Testimony from a law enforcement official established the nexus between the firearms and interstate commerce. The discovery of the firearms in close proximity to drugs and Johnson's movement towards one of them during the arrest link the firearms to the drug trafficking offenses. As to the drug and conspiracy convictions, testimony established that Johnson lived in a residence from which he and his codefendants manufactured and sold crack cocaine. In addition to testimony pertaining to specific sales, evidence found in the residence included drugs and paraphernalia

associated with drug distribution. The evidence is sufficient to support Johnson's convictions on the drug and conspiracy charges.

As to his sentence, Johnson argues that the district court erred by sentencing Johnson to life imprisonment based on the enhanced penalty provision for recidivists in 21 U.S.C. § 841(b)(1)(B). Johnson had previously pled guilty to state felony drug charges. The state court withheld adjudication. Johnson argues that the case should not count as a qualifying offense for the enhancement provision in § 841(b)(1)(A) because the state court withheld adjudication. However, this court's precedent establishes that a state plea of nolo contendre to a felony offense, followed by a withholding of adjudication, constitutes a prior conviction for purposes of the enhanced penalties for recidivists in § 841(b). See United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995). Thus, the district court did not err in sentencing Johnson.

## ELEX PIERRE,

Elex Pierre only appeals his 211-month sentence for crack and firearms offenses. Because the district court's finding that it could not consider the crack-cocaine disparity conflicts with the intervening Supreme Court decision in Kimbrough, 128 S. Ct. at 575, we reverse Pierre's sentence and remand for resentencing.

8

## CONCLUSION

For the foregoing reasons, the convictions of Louisuis, Louis, Johnson and Pierre, as well as the sentence of Johnson, are AFFIRMED. The sentences of Louisuis, Louis, and Pierre are REVERSED and REMANDED for resentencing.