[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11867

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00074-RH-WCS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSE CARTER,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 5, 2012)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jesse Carter appeals his 120-month sentence for conspiracy to distribute 500

grams or more of powder cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). On appeal, Carter argues that the district court erred in applying a sentence enhancement under 21 U.S.C. § 841(b)(1)(B) based on a 2007 conviction because that prior conviction was obtained as a result of an unconstitutional search incident to arrest. We find that Carter did not prove the alleged constitutional violation because the search was a valid automobile search. The district court therefore did not err in applying the enhancement.

## I.

We start with a discussion of the undisputed facts surrounding Carter's prior conviction, as presented at his sentencing hearing. In 2006, Tampa Police Officer Petit frequently communicated with a concerned citizen about the drug activity in her neighborhood. The concerned citizen received no compensation for her phone calls and was generally considered a reliable source. In July 2006, she called Officer Petit and advised him of a possible drug transaction. When he arrived, Officer Petit observed two men standing near a building. One of the men walked away from the other and conducted a drug transaction with a woman. The other man (later identified as Carter) then approached a different woman who had just arrived at the scene. From his vantage point, Officer Petit could not see what happened between Carter and the second woman, but he could see that they "made

2

brief contact with their hands." Given his prior experience as a narcotics officer, Officer Petit was convinced that he had witnessed a hand-to-hand drug transaction. During Petit's observation of the transaction, he identified Carter and discovered that he had a suspended driver's license. He conveyed this information to the concerned citizen and asked that she call him if she ever saw Carter driving.

In August 2006, the citizen called Officer Petit to report that Carter was driving around her neighborhood. Officer Petit called for backup, and the backup officer saw Carter near a local park. This officer saw Carter drive his car into a parking space, get out of his car, and walk toward the nearby pavilion approximately thirty to forty feet away from his car. When Officer Petit arrived, the two officers positively identified Carter, verified that his license was still suspended, approached him, and arrested him for driving with a suspended license. The officers detected a strong smell of marijuana on Carter and discovered more than $500 in small, disorganized bills stashed in various pockets. Carter stated that he did not have drugs on his person, and the officers did not find drugs on him.

The officers then searched Carter's car. When they opened the door, they detected a strong stench of marijuana. They found approximately 30 pieces of crack cocaine, some grams of marijuana, and a digital scale. In early 2007, Carter

pled guilty to the charges stemming from this transaction.

## II.

We review *de novo* a district court's legal conclusion that a prior conviction may be used to enhance a sentence under 21 U.S.C. §§ 841 and 851. *United States v. Mikell*, 102 F.3d 470, 474, 477 (11th Cir. 1996) (reviewing *de novo* a district court's denial of a defendant's § 851(c)(2) constitutional challenge of a prior-conviction enhancement under § 841.).

A defendant convicted of conspiring to distribute between 500 grams and 2 kilograms of cocaine is subject to a mandatory minimum sentence of five years. 21 U.S.C. § 841(b)(1)(B)(ii). If the defendant has a prior conviction for a felony drug offense, the mandatory minimum sentence is increased to ten years. *Id.* The government may seek a § 841 sentence enhancement for a prior conviction by complying with the requirements of § 851. *See Mikell*, 102 F.3d at 477. Under § 851, a defendant can challenge the prior-conviction enhancement if he proves by a preponderance of the evidence that the prior conviction was "obtained in violation of the Constitution of the United States." 21 U.S.C § 851(c)(2). A guilty plea is a conviction for the purposes of sentence enhancement under § 841. *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995) (per curiam).

The Fourth Amendment protects "[t]he right of people to be secure in their

4

persons, houses, papers, and effects, against unreasonable searches and seizures."

U.S. Const. amend. IV. The Fourth Amendment generally guarantees this right by requiring the government to obtain a search warrant prior to a search, but there are exceptions to the general warrant requirement. *United States v. Tamari*, 454 F.3d 1259, 1261 (11th Cir. 2006). Two possible exceptions could apply here—the automobile exception and the search incident to arrest. Under the automobile exception, police officers may conduct a warrantless search of a vehicle if the vehicle is readily mobile and if they have probable cause to believe that the vehicle contains contraband. *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487 (1996) (per curiam); *United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003) (per curiam). Accordingly, under the automobile exception, a vehicle search does not violate the Fourth Amendment if, "under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *Tamari*, 454 F.3d at 1261–62 (internal quotation marks omitted). Under the search incident to arrest exception, the Supreme Court recently clarified that the "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351,

5

129 S. Ct. 1710, 1723 (2009).

### III.

Carter argues that his 2007 conviction was obtained in violation of the Constitution because the search of his vehicle was not a valid search incident to arrest under *Gant*. He argues that because he was arrested for driving with a suspended license thirty to forty feet away from his car, the police could not constitutionally execute a search incident to arrest. Although this may be true, a warrantless search that does not meet the requirements of a search incident to arrest may still pass constitutional muster under a different exception to the warrant requirement. *Id.* at 351, 129 S. Ct. at 1723–24 (Noting that when a warrantless vehicle search is not a search incident to arrest, the search may still be valid if "another exception to the warrant requirement applies."). Because it is undisputed that the car was operational at the time of the arrest, and because we agree with the district court that Officer Petit had probable cause to believe that the car contained contraband, we find that the search was valid under the automobile search exception to the warrant requirement and did not violate the Fourth Amendment. *See Tamari*, 454 F.3d at 1261–62; *Gant*, 556 U.S. at 351, 129 S. Ct. at 1723–24.

Carter failed to prove that his prior conviction was obtained in violation of

the Constitution, *see* 21 U.S.C. § 851(c), so his prior conviction was properly used to enhance his sentence.

**AFFIRMED.**