[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15419
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00100-GKS-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

TERRENCE JERMAINE NEAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 29, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

The government appeals the 70-month sentence the district court imposed

after Terrance Neal pleaded guilty to one count of conspiracy to distribute and

possess with intent to distribute more than 500 grams of cocaine hydrochloride, in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846.  On appeal, the government argues that the district court erred by not imposing the statutory ten-year mandatory-minimum sentence required for a violation of § 841(b)(1)(B) after a prior conviction for a felony drug offense.  After careful review, we vacate and remand for resentencing.

We review constitutional questions and questions of statutory interpretation de novo.  United States v. Griffey, 589 F.3d 1363, 1365 n.3 (11th Cir. 2009).

At sentencing, a district court must normally consider various sentencing factors, including the applicable guideline range and the pertinent policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a)(4)-(a)(5).  However, "[a] mandatory minimum sentence trumps an advisory Guideline calculation and the various factors considered by district courts under 18 U.S.C. § 3553(a)."  United States v. Carillo-Ayala, 713 F.3d 82, 88 (11th Cir. 2013).

The federal statute at issue provides for a penalty of not less than ten years and not more than life imprisonment for any person whose violation of the statute (1) involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine and (2) occurred "after a prior conviction for a felony drug offense has become final."  21 U.S.C. § 841(b)(1)(B)(ii)(II).  A "felony drug offense" is defined, inter alia, as "an offense that is punishable by imprisonment for more than one year under any law of . . . a State."  Id. § 802(44).  We have held

2

that "what constitutes a 'conviction'" under section 841(b)(1)(B) is a question of federal sentencing law, rather than state law.  United States v. Mejias, 47 F.3d 401, 403-04 (11th Cir. 1995).  For federal sentencing purposes, a "prior plea of nolo contendere with adjudication withheld in Florida state court is a 'conviction' that supports an enhanced sentence under section 841(b)(1)(B)."  Id. at 404.

To support a § 841(b)(1)(B) statutory enhancement, the government must file an information notifying the defendant of the enhancement and the prior convictions upon which it is based.  21 U.S.C. § 851(a)(1).  The defendant may respond that the conviction was obtained in violation of the U.S. Constitution, and bears the burden of proving the conviction's constitutional infirmity by a preponderance of the evidence.  Id. § 851(c)(2).  However, he may not "challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."  Id. § 851(e).  We have upheld the validity of § 851(e)'s limitations period.  See United States v. Williams, 954 F.2d 668, 673 (11th Cir. 1992) (holding that § 851(e)'s limitations period was constitutional because it was "reasonably tailored to impose enhanced sentences on recidivists").

The specific subsection of the Florida drug possession statute under which Neal was convicted makes it unlawful "for any person to be in actual or constructive possession of a controlled substance," and provides that "[a]ny person

who violates this provision commits a felony of the third degree." Fla. Stat. Ann. § 893.13(6)(a).    In Florida, a third-degree felony is punishable by a term of imprisonment "not exceeding 5 years." Fla. Stat. Ann. § 775.082(3)(d).

Here, the district court erred in imposing a 70-month sentence rather than the 120-month mandatory minimum.  To begin with, we have squarely held that a Florida state criminal proceeding in which adjudication was withheld following a plea constitutes a "conviction" for purposes of the § 841(b)(1)(B) statutory enhancement.  Mejias, 47 F.3d at 404.  Because Neal's conviction for cocaine possession under § 893.13(6)(a) was punishable by more than one year of imprisonment, it constituted a "felony" drug offense, 21 U.S.C. § 802(44), and he was subject to the 120-month mandatory minimum in § 841(b)(1)(B) following the government's filing of its § 851 notice.

We reject Neal's remaining arguments -- first, that the district court's sentence violated the mandate to avoid sentencing disparities found in 18 U.S.C. § 3553(a).  As we've made clear, the mandatory minimum trumps the advisory guidelines and the district court's obligation to consider sentencing factors under § 3553(a).  Carillo-Ayala, 713 F.3d at 88.  Neal's challenge to the constitutionality of § 893.13(6)(a) also lacks merit.  Among other things, Neal was statutorily barred from challenging the validity of his Florida conviction.  21 U.S.C. § 851(e); Williams, 954 F.2d at 674.  Accordingly, we vacate and remand for resentencing.

**VACATED AND REMANDED.**