[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2003
THOMAS K. KAHN
CLERK

No. 02-15233
Non-Argument Calendar

D.C. Docket No. 02-20319-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS ROY ANDERSON,
a.k.a. Derro Dillion Drake,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

**(April 25, 2003)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Dennis Roy Anderson pleaded guilty to attempted illegal reentry into the

United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and

received a 24-month sentence. Anderson contends that the district court should not have imposed the 12-level enhancement provided by U.S.S.G. § 2L1.2(b)(1)(B) because he had not previously been deported after a "conviction" within the meaning of that section. Anderson had been deported in 1991 after he pleaded <u>nolo contendere</u> to a Florida felony drug offense. The state court had withheld adjudication of guilt and imposed a sentence of time served. Anderson argues that a <u>nolo contendere</u> plea with adjudication withheld does not qualify as a conviction within the meaning of § 2L1.2(b)(1)(B) of the Guidelines.

Anderson relies on <u>United States v. Willis</u>, 106 F.3d 966, 969 (11th Cir. 1997), which held that a plea of <u>nolo contendere</u> with adjudication withheld is not a conviction for purposes of 18 U.S.C. § 922(g)(1) because a <u>nolo contendere</u> plea is not a conviction under Florida law. <u>Willis</u> is not controlling here, though, because the statutory scheme at issue in that case mandated that the term "conviction" be defined according to state law, <u>id.</u> at 967-68, and there is no similar requirement under the Guidelines provision at issue in this case. We thus look to federal law for the applicable definition of "conviction." <u>See United States v. Mejias</u>, 47 F.3d 401, 403-04 (11th Cir. 1995).

Section 2L1.2(b)(1) provides: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . (B) a conviction for a felony

2

drug trafficking offense for which the sentence imposed was 13 months or less,

increase by 12 levels." U.S.S.G. § 2L1.2(b)(1)(B). The Sentencing Commission

did not define "conviction" as that term is used in § 2L1.2. But Congress has

defined "conviction" as used in 8 U.S.C. § 1326 – one of the two statutory sections

to which § 2L1.2 applies – as follows:

> The term "conviction" [as used in the chapter Immigration and Nationality] means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where–
>
> (i)     a judge or jury has found the alien guilty or <u>the alien has entered a plea of</u> guilty or <u>nolo contendere</u> or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii)    the judge has ordered <u>some form of punishment</u>, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A) (emphasis added). Although § 2L1.2 does not

explicitly refer to § 1101(a)(48)(A), we agree with the Tenth Circuit that the term

"conviction" as used in § 2L1.2(b) is governed by the definition set forth in

§ 1101(a)(48)(A). <u>See</u> <u>United States v. Zamudio</u>, 314 F.3d 517, 521-22 (10th Cir.

2002).

A conviction for purposes of § 2L1.2(b)(1)(B) therefore includes a <u>nolo</u>

<u>contendere</u> plea with adjudication withheld as long as some punishment, penalty,

or restraint on liberty is imposed. Anderson entered a plea of <u>nolo contendere</u> and

3

was punished with 22 days imprisonment, the time he had served until he pleaded. Anderson's prior drug offense thus meets the definition of a "conviction" in § 1101(a)(48)(A) and is a "conviction" for § 2L1.2 purposes. Moreover, we have similarly concluded that the term "conviction" as used in other statutory and Guidelines provisions includes a <u>nolo contendere</u> plea with adjudication withheld. <u>See</u> <u>United States v. Fernandez</u>, 234 F.3d 1345, 1346 (11th Cir. 2000) (interpreting "conviction" under U.S.S.G. § 2K2.1(a)(2)); <u>Mejias</u>, 47 F.3d at 404 (interpreting "conviction" under 21 U.S.C. § 841(b)(1)(B)); <u>United States v. Jones</u>, 910 F.2d 760, 761 (11th Cir. 1990) (interpreting "conviction" under U.S.S.G. § 4B1.1).

We also reject Anderson's contention that the sentence imposed for his drug offense, 22 days time served, was de minimis and therefore transformed his felony drug conviction into a misdemeanor. Anderson was convicted of a felony drug offense and deported as a result. As such, the district court correctly determined that the 12-level enhancement under § 2L1.2(b)(1)(B) applies to him.

**AFFIRMED**.