[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15576
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80079-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMED ANTONIO SOLIS-ALONZO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 30, 2018)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Amed Solis-Alonzo appeals his 40-month sentence, imposed after pleading guilty to one count of reentry of a deported alien. He argues, for the first time on appeal, that his prior guilty plea to Florida felony battery was not a conviction within the meaning of U.S.S.G. § 2L1.2 because adjudication was withheld. In addition, he contends that his prior Florida felony battery offense does not qualify as a crime of violence under § 2L1.2 because it does not have as an element the use, attempted use, or threatened use of physical force against the person of another. He also asserts that the district court committed clear error in admitting and relying on a police report in its crime of violence determination.

**I.**

We review an error raised for the first time on appeal for plain error. *United States v. Olano*, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993). Under the plain error standard, an appellant must show that (1) an error occurred; (2) the error was plain; and (3) the error affected the appellant's substantial rights. *Id.* If these elements are met, we have the discretion to correct the error; but we should not exercise this discretion unless the error seriously

2

affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Also, under the prior precedent rule, a prior panel's holding is binding on all subsequent panels unless the holding is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting *en banc*. *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010).

Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines assigns a 16-level enhancement if (1) the defendant was previously deported or unlawfully remained in the United States; (2) after a conviction for a felony that was a crime of violence; (3) for which the defendant received criminal history points. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The Sentencing Commission did not define "conviction" as that term is used in § 2L1.2. *United States v. Anderson*, 328 F.3d 1326, 1327-28 (11th Cir. 2003).

The meaning of conviction for purposes of sentencing enhancement under the Sentencing Guidelines is a matter of federal, rather than state, law. *United States v. Madera-Madera*, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003) ("Federal law, not state law, controls the application of the Sentencing Guidelines."). In *Anderson*, we concluded that the term conviction, as used in § 2L1.2, is governed by the definition of conviction set forth in 8 U.S.C. § 1101(a)(48)(A). *Anderson*, 328 F.3d at 1328. In § 1101(a)(48)(A), Congress defined conviction to include circumstances in which adjudication of guilt has been withheld and where (1) "the

3

alien has entered a plea of guilty or *nolo contendere*" and (2) "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." *Id.*; 8 U.S.C. § 1101(a)(48)(A). As a result, we determined that a defendant's *nolo contendere* plea with adjudication withheld and 22-day imprisonment term qualified as a conviction for purposes of a § 2L1.2(b)(1) sentencing enhancement. *See Anderson*, 328 F.3d at 1328.

Furthermore, the term "conviction" as used in other statutory and Guideline enhancement provisions includes *nolo contendere* and guilty pleas with adjudication withheld. *See United States v. Fernandez*, 234 F.3d 1345, 1346 (11th Cir. 2000) (holding a plea of *nolo contendere* with adjudication withheld qualifies as a conviction for purposes of calculating the base offense level under U.S.S.G. § 2K2.1(a)(2)); *United States v. Mejias*, 47 F.3d 401, 404 (11th Cir. 1995) (holding a plea of *nolo contendere* with adjudication withheld is a conviction that supports an enhanced sentence under 21 U.S.C. § 841(b)(1)(B)); *United States v. Jones*, 910 F.2d 760, 761 (11th Cir. 1990) (holding that plea of *nolo contendere* with adjudication withheld is a conviction for purposes of U.S.S.G. § 4B1.1 career offender enhancement). Moreover, because the meaning of conviction under the Sentencing Guidelines is a matter of federal law, certain state court adjudications qualify as convictions for federal sentencing purposes -- even though those adjudications do not qualify as convictions under state law. *United States v. Elliot*,

4

732 F.3d 1307, 1310-13 (11th Cir. 2013) (holding an Alabama "youthful offender adjudication" qualified as a conviction for purposes of classifying defendant as a career offender under § 4B1.1, even though a youthful offender adjudication did not qualify as a conviction under Alabama law).

The district court committed no error, plain or otherwise, in considering Solis-Alonzo's guilty plea to felony battery, with adjudication withheld, as a conviction for purposes of § 2L1.2.  Solis-Alonzo pled guilty to Florida felony battery and was sentenced to a 95-day term of imprisonment, followed by 3 years' probation.  Therefore, although Solis-Alonzo's adjudication of guilt was withheld, he pleaded guilty to the offense and suffered a restraint on his liberty.  Thus, his Florida felony battery guilty plea and term of imprisonment qualifies as a conviction under § 2L1.2.  *See Anderson*, 38 F.3d at 1328.

## II.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines and whether the district court

improperly relied on non-*Shepard*[1] documents in making its enhancement determination.  *United States v. Romo-Villalobos*, 674 F.3d 1246, 1247 (11th Cir. 2012); *Sneed*, 600 F.3d at 1333 ("[I]n light of *Shepard* . . . the district court erred in overruling Sneed's objections to the use of the police reports to establish [the enhancement].").  We have stated that, when considering whether an offense qualifies as a crime of violence under § 4B1.2 (which has the same "use of physical force" clause as § 2L1.2), we look to cases applying the Armed Career Criminal Act ("ACCA") for guidance.  *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).  *Compare* U.S.S.G. § 4B1.2 *with* U.S.S.G. § 2L1.2 n.1(B)(iii).

> Section 2L1.2's commentary defines a crime of violence this way:
>
> [A]ny of the following offenses under federal, state or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 n.1(B)(iii).

---

[1] *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263, 161 L. Ed. 2d 205 (2005) (limiting inquiry to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.").

"Generally, . . . in determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes," we apply a "categorical approach." *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010). Using the categorical approach, we look only at the statutory elements of an offense, and not the particular facts underlying the conviction, in determining whether an offense qualifies as a predicate for enhancement. *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2283-86, 186 L. Ed. 2d 438 (2013); *see also Mathis v. United States*, 579 U.S. __, __, 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016) ("How a given defendant actually perpetrated the crime . . . makes no difference."). We must assume that the conviction rested upon the least of the acts criminalized by the statute and determine whether those acts fall within the generic federal offense. *United States v. Estrella*, 758 F.3d 1239, 1245 (11th Cir. 2014). If a criminal statute is divisible, meaning it lists multiple potential offense elements in the alternative (only some of which qualify as a predicate for enhancement), we use the "modified categorical approach" and look to a restricted set of materials such as plea agreements or plea colloquy transcripts to determine which element formed the basis of the defendant's conviction. *Descamps*, 570 U.S. at __, 133 S. Ct. at 2283-85; *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263. Nonetheless, the modified categorical approach retains the categorical approach's central feature, a

7

focus on the elements, rather than the facts, of a crime. *Descamps*, 570 U.S. at __, 133 S. Ct. at 2283-85.

The applicable Florida statute provides that a person commits felony battery if he (1) "[a]ctually and intentionally touches or strikes another person against" their will and (2) "[c]auses great bodily harm, permanent disability, or permanent disfigurement." Fla. Stat. § 784.041(1). A violation of § 784.041 constitutes a third-degree felony. Fla. Stat. § 784.041(3). As stated by the statute's plain language and confirmed by Florida case law, the touching or striking must be intentional rather than accidental. *See* Fla. Stat. § 784.041(1); *W.E.P., Jr. v. State*, 790 So. 2d 1166, 1170 (Fla. Dist. Ct. App. 2001). The lack of specific intent for the causation-of-injury element distinguishes Florida felony battery from Florida aggravated battery, which requires intentional and knowing infliction of great bodily harm, permanent disability, or permanent disfigurement. *Compare* Fla. Stat. § 784.045(1)(a)(1) *with* Fla. Stat. § 784.041(1)(b).

Although the Sentencing Guidelines do not define the term "physical force" as used in § 2L1.2's crime of violence definition, the Supreme Court has defined the term, in the ACCA context, to mean "violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271, 176 L. Ed. 2d 1 (2010). In *Johnson*, the Supreme Court concluded that Florida simple battery, Fla. Stat. § 784.03, was no

violent felony under the ACCA because the Florida Supreme Court had interpreted the "actually and intentionally touching" element as being "satisfied by *any* intentional physical contact, 'no matter how slight.'" *Id.* at 138, 130 S. Ct. at 1269-70 (emphasis in original) (citing *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007)). Thus, the Supreme Court concluded that Florida simple battery did not categorically require an offender to employ force capable of causing physical pain or injury to another person. *Id.*

In *Leocal v. Ashcroft*, the Supreme Court held that a conviction under Florida's DUI statute did not qualify as a crime of violence under 18 U.S.C. § 16, which -- like § 2L1.2 -- defines a crime of violence as "an offense that has as an element the use, attempted use, or threated use of physical force" against the person of another. 543 U.S. 1, 12, 125 S. Ct. 377, 384, 160 L. Ed. 2d 271 (2004); *compare* 18 U.S.C. § 16 *with* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The Supreme Court clarified that the word "use," in the context of the definition of crime of violence, "requires active employment." *Leocal*, 543 U.S. at 8-9, 125 S. Ct. at 382. The Supreme Court reasoned that because defendants could be convicted under Florida's DUI statute for negligent or accidental conduct, Florida's DUI statute did not qualify as an offense requiring "use of physical force against the person or property of another": such offenses required purposeful, intentional criminal behavior from the defendant. *Id.* at 9, 125 S. Ct. at 382.

9

In *Palomino Garcia*, we concluded that Arizona aggravated assault did not qualify as a crime of violence under § 2L1.2.  606 F.3d at 1337.  Arizona's aggravated assault statute provided that a person commits a version of felony aggravated assault if he assaults another while in custody of law enforcement agency personnel and has reason to know that the assault victim is an agency employee acting in an official capacity.  *Id.* at 1325.  In turn, Arizona defined assault as "intentionally, knowingly or recklessly causing any physical injury to another person."  *Id.*  We reasoned that Arizona aggravated assault's *mens rea* (recklessness), stripped the statute of the intentionality necessary to trigger § 2L1.2's crime of violence enhancement.  *Id.* at 1336.  We stated that, because Arizona law defined recklessness as nothing more than the conscious disregard of a substantial and unjustifiable risk, a conviction with a *mens rea* of recklessness was more akin to negligence and, therefore, did not require the "use" of physical force.  *Id.*

We have recently determined that Florida felony battery qualifies as a crime of violence under the elements clause of § 2L1.2.  *See United States v. Vail-Bailon*, 868 F.3d 1293, 1302 (11th Cir. 2017).  We noted that a statute that required a touching that caused "great bodily harm, permanent disability, or permanent disfigurement," which Fla. Stat. § 784.041 required, was a statute that called for force capable of causing physical injury.  *See id*.  Thus, we concluded that

10

intentional force—even of the touching variety—that in fact caused "great bodily harm, permanent disability, or permanent disfigurement," as required to sustain a conviction under Fla. Stat. § 784.041, necessarily constituted force that was capable of causing pain or injury. *See id*. at 1304-08. We noted that this analysis was compatible with the Supreme Court's decision in *Leocal* because, unlike the DUI crime at issue in that case, Fla. Stat. § 784.041 required an intentional use of force—a touch or strike—that was exactly the kind of "violent active crime" that the elements clause was designed to encompass. *See id*. at 1307.

As an initial matter, although a police report is no *Shepard* document, the district court did not err in admitting Solis-Alonzo's felony-battery police report because the report was admitted for the purpose of considering Solis-Alonzo's objection to the facts as alleged in paragraph 24 of the Presentence Investigation Report; and the court did not rely on the report in its determination that Florida felony battery was a crime of violence under § 2L1.2. *See Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263. While the district court did not rely in its final analysis on the *Shepard* documents supplied by the government, their consideration would not change the analysis. Because Solis-Alonzo was charged generically, using all the elements of the statute, and the judgment does not specify particular elements, either way we must look to the least culpable means of violating the statute. *See Descamps*, 570 U.S. at __, 133 S. Ct. at 2283-86.

11

Solis-Alonzo's argument is foreclosed by our binding precedent in *Vail-Bailon*. *See* 868 F.3d at 1302-08. We have definitively said that a defendant convicted of Florida felony battery must act with "force capable of causing physical pain or injury to another person" because a conviction requires that the touching actually cause "great bodily harm, permanent disability, or permanent disfigurement." *See id.*; Fla. Stat. § 784.041(1)(b). Because the measure of force under *Johnson* is whether the force is "capable" of causing physical pain or injury, proof that the force, in fact, caused the harm necessarily proves that it was "capable" of doing so. *See Vail-Bailon*, 868 F.3d at 1302-08; Fla. Stat. § 784.041; *Johnson*, 559 U.S. at 140, 130 S. Ct. at 1271. Moreover, for a conviction, the defendant must "use" that degree of force intentionally. *See Vail-Bailon*, 868 F.3d at 1307. A defendant convicted of Florida felony battery has necessarily acted with a "higher degree of intent than negligent or merely accidental," or even reckless, conduct because he must act with purposeful intent to touch the victim. *See id.*; *Leocal*, 543 U.S. at 9, 125 S. Ct. at 382; *Palomino Garcia*, 606 F.3d at 1336.

Accordingly, based on *Vail-Bailon*, the district court did not err in qualifying Solis-Alonzo's Florida felony batter offense as a crime of violence under § 2L1.2. *See* 868 F.3d at 1302-08; Fla. Stat. § 784.041(1)(a)-(b).

**AFFIRMED.**

12