[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12545
Non-Argument Calendar
_____

Agency No. A035-505-619


SOMBOON POOMARAT,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 13, 2018)

Before WILSON, BRANCH and HULL, Circuit Judges.

PER CURIAM:

Somboon Poomarat, proceeding pro se, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

order of removal.  The IJ found, and the BIA agreed, that Poomarat, a native and citizen of Thailand, was removable: (1) under Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), because in 1999 Poomarat was convicted in Florida of possession of cocaine, which is a "controlled substance" offense under the INA; and (2) under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because in 2015 Poomarat was convicted in Florida of possession of a firearm by a convicted felon, which is an "aggravated felony" under the INA.[1]  After review, we deny in part and dismiss in part Poomarat's petition for review.

## I.  DISCUSSION

### A.     Jurisdiction to Review Removal Order

Poomarat's petition challenges both grounds for removal, arguing that: (1) his Florida cocaine possession conviction did not actually qualify as a "conviction" for immigration purposes because he received a stay of adjudication and a sentence of probation; and (2) his Florida felon-in-possession conviction did not qualify as

---

[1]The IJ also denied Poomarat's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture on various grounds.  We do not discuss these rulings because Poomarat does not challenge them in his petition for review.  See Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013) (explaining that a claim or issue not plainly and prominently raised in a party's brief is deemed abandoned).

an "aggravated felony" because Florida's offense is broader than its federal counterpart in 18 U.S.C. § 922(g)(1).[2]

Under the INA, this Court lacks jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony covered in INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), or an offense "relating to a controlled substance," covered in INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).  See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).  However, we retain jurisdiction to review questions of law, which includes the threshold issue of whether the petitioner is "(1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense." Camacho-Salinas v. U.S. Att'y Gen., 460 F.3d 1343, 1346 (11th Cir. 2006) (quotation marks omitted); INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  Thus, we retain jurisdiction to review whether Poomarat's Florida convictions for felon-in-possession and cocaine possession are disqualifying offenses covered by 8 U.S.C. § 1227(a)(2)(A)(iii) and (B)(i), respectively.  See Garces v. U.S. Att'y

---

[2]We acknowledge that Poomarat's petition for review asks this Court to reconsider its earlier order denying his motion for a stay of removal and couches all of his arguments in terms of whether he meets the standard for a stay of removal.  As a consequence, the government argues that Poomarat has entirely abandoned any direct challenge to his final order of removal. We disagree.  In arguing that he is likely to succeed on the merits, Poomarat's pro se petition, which we must construe liberally, challenges both of his prior Florida convictions, which were the bases for the IJ's findings of removability.  Poomarat's request for reconsideration of the denial of his motion for a stay of removal, however, is **DENIED**.

3

Gen., 611 F.3d 1337, 1343 (11th Cir. 2010) (explaining that in these kinds of

cases, "the jurisdictional question merges into our consideration of the merits").[3]

## B.    Controlled Substance Offense

An alien who, after admission, "has been convicted" of an offense "relating

to a controlled substance" other than a single offense for simple possession of 30

grams or less of marijuana is removable.  INA § 237(a)(2)(B)(i), 8 U.S.C.

§ 1227(a)(2)(B)(i).  The INA defines a conviction as:

> [A] formal judgment of guilty of the alien entered by a court or, if
> adjudication of guilty has been withheld, where--
>
> > (i) a judge or jury has found the alien guilty or the alien has
> > entered a plea of guilty or nolo contendere or has admitted
> > sufficient facts to warrant a finding of guilty, and
>
> > (ii) the judge has ordered some form of punishment, penalty, or
> > restraint on the alien's liberty to be imposed.

INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A).  In interpreting this statutory

definition, this Court has concluded that a conviction "includes a nolo contendere

plea with adjudication withheld as long as some punishment, penalty, or restraint

on liberty is imposed."  United States v. Anderson, 328 F.3d 1326, 1328 (11th Cir.

2003) (involving a guidelines enhancement under U.S.S.G. § 2L1.2(b)(1)(B)).

Moreover, "some form of punishment" includes a suspended sentence with

---

[3]Because the BIA agreed with the IJ's conclusions as to both of Poomarat's prior convictions, we review both the IJ's and the BIA's decisions.  See Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011).

probation.  See Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1265, 1268-69 (11th Cir. 2004).

Here, the IJ and the BIA properly concluded that Poomarat was removable based on his prior Florida conviction for cocaine possession.  Poomarat has never disputed that he entered a plea of nolo contendere to possession of cocaine, in violation of Florida Statutes § 893.13, and that the state court entered an order withholding adjudication of guilt and placing Poomarat on probation for three years.  Further, Poomarat does not argue that a violation of § 893.13 is not an offense "relating to a controlled substance" within the meaning of INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).  Contrary to Poomarat's claim, a criminal case in which the adjudication of guilt is withheld and the defendant is placed on probation qualifies as a "conviction" for immigration purposes.  See Resendiz-Alcaraz, 383 F.3d at 1268-69; Anderson, 328 F.3d at 1328.

## C.    Aggravated Felony

An alien is removable if he "is convicted of an aggravated felony at any time after admission."  INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).  Under the INA, an "aggravated felony" includes, among other things, "an offense described in" 18 U.S.C. § 922(g) regardless of whether the offense is "in violation of Federal or State law."  INA § 101(a)(43)(E)(ii), 8 U.S.C. § 1101(a)(43)(E)(ii).  Section 922(g), in turn, makes it unlawful for a person "who has been convicted in

any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1).

A state crime that corresponds to § 922(g)(1) as to all elements except the jurisdictional element (i.e., the interstate commerce element) is an aggravated felony. See Torres v. Lynch, 578 U.S. ___, 136 S. Ct. 1619, 1623, 1634 (2016) (explaining that the interstate-commerce element is present in the federal statute solely to establish Congress's power to enact the law). Under Florida's felon-in-possession statute, "[i]t is unlawful for any person to own or have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device . . . if that person has been . . . [f]ound guilty of an offense that is a felony in another state, territory, or country and which was punishable by imprisonment for a term exceeding 1 year." Fla. Stat. § 790.23(1)(e).

In his removal proceedings, Poomarat did not dispute that in 2015 he was convicted of possession of a firearm by a felon, in violation of Florida Statutes § 790.23(1)(e). Poomarat was originally charged with aggravated assault with a firearm and felon in possession of a firearm. As part of a plea bargain, however, the aggravated assault charge was dropped, and Poomarat pled nolo contendere to the felon-in-possession charge. Poomarat confirmed that he was represented by a public defender during those criminal proceedings and that he pled nolo contendere

6

to the felon-in-possession count to avoid a lengthier sentence than the three years he received. When Poomarat stated that the firearm found in the glove box of his vehicle during a traffic stop belonged to a friend, the IJ explained to Poomarat that he could not collaterally attack his Florida conviction in his immigration proceedings. The IJ concluded that Poomarat's 2015 Florida felon-in-possession conviction was an offense "described in" 18 U.S.C. § 922(g)(1).

Before the BIA, Poomarat argued that his Florida felon-in-possession conviction did not qualify as an "aggravated felony" for two reasons: (1) because Poomarat pled guilty to the lesser charge of felon-in-possession and the aggravated assault charge was dropped and thus there was no conviction for a crime of violence; and (2) because the Florida felon-in-possession statute applies to all non-citizens and does not correspond to the federal statute, 18 U.S.C. § 922(g)(5), which applies to only those who are illegally in the United States. The BIA rejected both arguments, concluding: (1) that Poomarat's Florida felon-in-possession conviction was valid for immigration purposes despite his protestations of innocence and qualified as an aggravated felony; and (2) that Poomarat's Florida felon-in-possession offense was covered by § 922(g)(1), which applies to everyone, and not by § 922(g)(5), which applies to only illegal aliens.

In his petition to this Court, Poomarat raises a completely new argument. In this Court, Poomarat argues that his 2015 Florida felon-in-possession conviction

does not correspond to 18 U.S.G. § 922(g)(1) because it is "defined more broadly."

Poomarat does not explain how Florida Statutes § 790.23(1)(e) is broader than 18

U.S.C. § 922(g)(1), and instead merely cites United States v. Castillo-Rivera, 853

F.3d 218 (5th Cir. 2017) (en banc). In Castillo-Rivera, however, the Fifth Circuit

rejected a defendant's argument that the Texas felon-in-possession statute was

"substantively broader than 18 U.S.C. § 922(g)" and thus not an "aggravated

felony" under INA § 101(a)(43)(E)(ii), 8 U.S.C. § 1101(a)(43)(E)(ii). See

Castillo-Rivero, 853 F.3d at 221-26 (addressing arguments that Texas law defined

"felony" and "firearm" more broadly than § 922(g)(1)).

We lack jurisdiction to review Poomarat's newly raised argument that

Florida's felon-in-possession statute is broader than its federal counterpart,

§ 922(g)(1). Under INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), this Court may only

review arguments that have been fully exhausted before the BIA. Amaya-

Artunduaga v. U.S. Att'y. Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). The

exhaustion requirement is jurisdictional; that is, this Court lacks jurisdiction to

consider issues that were not raised in the petitioner's arguments to the BIA. Id.

Moreover, to exhaust a claim before the BIA, it is not enough that the petitioner

merely identified an issue to that body; a petitioner has not exhausted a claim

unless he both raised the "core issue" before the BIA and also set forth any discrete

8

arguments he relied on in support of the claim. Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800 (11th Cir. 2016).

While Poomarat challenged the IJ's finding that his Florida felon-in-possession conviction qualified as an aggravated felony, he did so on grounds different from the one he raises here. In fact, Poomarat argued that the IJ had erred because his Florida conviction did not correspond to § 922(g)(5) and made no argument as to § 922(g)(1). Because Poomarat did not make the discrete argument to the BIA that he now advances on appeal, he did not properly exhaust this claim, and we lack jurisdiction to consider it. See id.

We note that even if we had jurisdiction to review Poomarat's claim, his appeal brief, even liberally construed, has not sufficiently preserved it for appellate review. Poomarat argues in conclusory fashion that Florida Statutes § 790.23(1)(e) is broader than 18 U.S.C. § 922(g)(1), but does not offer any further explanation for how that is so. The only authority he cites to support his conclusory argument, Castillo-Rivera, addresses a Texas statute and reaches the opposite result from the one he urges on this Court. See 853 F.3d at 221-26. While we construe pro se briefs liberally, we will not act as de facto counsel for litigants, and a pro se party who offers no substantive argument on an issue in his brief abandons that issue on appeal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008); see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long

9

held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

## II. CONCLUSION

In sum, Poomarat's challenge to the IJ's and the BIA's determination that his prior Florida cocaine possession offense qualified as a conviction under the INA is meritless, and we lack jurisdiction to review his challenge to the IJ's and the BIA's determination that his prior Florida felon-in-possession conviction was an aggravated felony under the INA.  Accordingly, we deny in part and dismiss in part Poomarat's petition for review.

**PETITION DENIED IN PART, DISMISSED IN PART.**