[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15352
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00178-RAL-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAN HUMBERTO GUEVAR FUNEZ,
a.k.a. Roman Guevara, etc.

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 6, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Roman Humberto Guevar Funez appeals his 46-month sentence after pleading guilty to illegal reentry of a deported alien who had previously been convicted of felony offenses, in violation of 8 U.S.C. § 1326(a) and (b)(1).

On appeal, Funez argues that the district court procedurally erred because it relied on the factual narratives underlying his prior criminal convictions contained in the Presentence Investigation Report ("PSI") without requiring the government to prove the disputed facts, in violation of Federal Rule of Criminal Procedure 32(i)(3)(B), and by not distinguishing between the facts underlying his previous no contest and guilty convictions. He also argues the district court's imposition of a consecutive sentence was both procedurally and substantively unreasonable because the district court relied solely on the leniency of his prior state convictions in reaching its decision.

For the reasons discussed below, we affirm the sentence imposed by the district court and remand for the limited purpose of allowing the district court to comply (or otherwise confirm that it already has complied) with the ministerial requirements of Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure.

### Standard of Review

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the district court made no

significant procedural error, then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Id*. at 51.

When reviewing for procedural error, a district court has abused its discretion "if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (quoting *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F. 3d 1332, 1336 (11th Cir. 2002). "A district court may also abuse its discretion by applying the law in an unreasonable or incorrect manner." *Id.*

When reviewing for substantive error, abuse of discretion is established when the district court: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper facts."  *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016) (quotation marks omitted).

## I.

### *Disputed General Factual Narratives*

In his first enumeration of error, Funez argues on appeal that the district court procedurally erred when it relied on certain disputed factual narratives set forth in the PSI.  We disagree.

3

This Court requires that "challenges to the facts contained in the PSI must be asserted with specificity and clarity." *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). "Vague assertions of inaccuracies are not sufficient to raise a factual dispute." *United States v. Ramirez-Flores*, 743 F.3d 816, 823–24 (11th Cir. 2014). Otherwise, the district court would be required "to guess whether a challenge is being mounted as well as what [the] defendant wishes to contest." *United States v. Aleman*, 832 F.2d 142, 145 (11th Cir. 1987). If a defendant fails to object properly, the objection is waived and the burden does not shift to the government to prove the disputed facts. *Bennett*, 472 F.3d at 832.

After an objection is asserted with the required specificity and clarity, a district court must then resolve the objections by either "rul[ing] on the dispute or determin[ing] that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. Proc. 32(i)(3)(B). For any finding that the district court makes under Rule 32(i)(3)(B), the sentencing court "must append a copy of the court's determinations under [Rule 32] to any copy of the presentence report made available for the Bureau of Prisons." Fed. R. Crim. Proc. 32(i)(3)(C). When a disputed fact will be used as the basis for sentencing, the government then has the burden of establishing the accuracy of the fact by a preponderance of the evidence. *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).

In *Ramirez-Florez*, we held that a defendant did not sufficiently object to the facts in a PSI when he made only a "general objection to the factual and legal statements" in a paragraph of the PSI because such a vague objection did not alert the government or the district court to what exactly the defendant was objecting to. *Ramirez-Flores*, 743 F.3d at 823–24.

With respect to his prior convictions described at paragraphs 26, 27, 29, 32, 33, 34, and 40 of the PSI, Funez objected, in pertinent part, "to the reliance upon the facts surrounding his criminal offenses for purposes of using them to enhance his advisory sentencing guidelines and/or reliance upon them for any reason(s)." Notably, Funez's objections did not alert the government or the district court to what exactly he was objecting to. Instead of indicating which facts were incorrect, Funez objected generally and vaguely to the district court's "reliance upon them for any reason." Consequently, such objections were not asserted with the required specificity and clarity, and the government was not required to prove those facts under Rule 32.

Only with respect to paragraph 40 of the PSI can it be reasonably maintained that Funez asserted any of his objections with sufficient specificity and clarity. During the sentencing hearing, Funez specifically and clearly objected to the use of the word "escape" in the PSI to describe an earlier encounter between Funez and Mexican authorities. Following a dialogue between the district court and Funez,

5

which included Funez himself admitting that he "pretty much" sneaked away from the authorities, the district court determined that the word "escape" would remain undisturbed in the PSI. In making this determination following dialogue with Funez at sentencing, the district court fulfilled its obligation under Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure to "rule on the dispute" even though the government did not independently establish the fact's accuracy by a preponderance of the evidence. *See United States v. Martinez*, 584 F.3d 1022, 1027–28 (11th Cir. 2009) (concluding that, even though the government presented no evidence at the sentencing hearing to establish a defendant "orchestrate[d]" certain drug shipments, the defendant's objection lacked merit because he admitted to the court that he did in fact "orchestrate" drug shipments).

We note that the record does not indicate whether, after making its determination under Rule 32(i)(3)(B), the district court fulfilled its statutory duty under Rule 32(i)(3)(C) to append the determination to the presentence report made available to the Bureau of Prisons. We therefore assume it did not, but "attaching such a written record is a 'ministerial matter' which may be remedied without resentencing by attaching a copy of the sentencing hearing transcript to the presentence report." *United States v. Forbes*, 888 F.2d 752, 755 (11th Cir. 1989).

Ultimately, we conclude that the district court did not commit reversible procedural error in relying on the unresolved disputed facts in the PSI because: (1)

Funez's objections were not stated with sufficient specificity and clarity; and (2) with respect to the single fact to which sufficient objection was made, the district court did resolve the dispute.

*Disputed "No Contest" Facts*

Funez also argues on appeal that the district court committed procedural error by not distinguishing between the facts underlying his various no contest and guilty convictions. In short, Funez argues that the facts underlying the no contest pleas are unreliable because they were never proved in court, and that because they are unreliable they should not have been used in the determination of his sentence.

More specifically, with respect to his prior convictions described at paragraphs 32 and 34 of the PSI (each of which followed a no contest plea), Funez further objected, in pertinent part, "to reliance on information not taken from court documents approved by the Supreme Court in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), to prove any sentencing enhancements and/or reliance on them for any reason . . . ."

On its face, the Supreme Court's holding in *Shepard* established a relatively narrow rule that applies primarily to certain "enquiries under the [Armed Career Criminals Act]." *See Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005). The record in this case does not reveal any enquiry under the Armed

7

Career Criminals Act,[1] and, consequently, Funez's unelaborated reliance on *Shepard* under the present circumstances is misplaced.

Congress also has expressly provided by statute that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.

Finally, the law of this Circuit also supports the district court's consideration of the facts surrounding Funez's no contest convictions. We generally have treated no contest pleas the same as guilty convictions for sentencing purposes.  *See United States v. Anderson*, 328 F.3d 1326, 1328 (11th Cir. 2003).  In *United States v. Green*, we noted our history of treating no contest pleas the same as guilty convictions in most cases, stating that convictions, regardless of whether the defendant originally entered a no contest plea, a guilty plea, or a not guilty plea, "stand on the same footing, unless there be a specific statute creating a difference."

---

[1] More generally speaking, we have held that sentencing courts are limited to *Shepard* documents when determining whether prior felonies were committed on different occasions. *See, e.g., United States v. Sneed*, 600 F.3d 1326, 1332–33 (11th Cir. 2010).  Funez does not dispute that the no contest convictions occurred but instead objects only to the inclusion in the PSI of certain narratives relating to the no contest convictions.  Because Funez has not identified any authority supporting the proposition that *Shepard* should be extended to apply generally to all sentencing activities undertaken by a district court (including those that do not involve habitual offender statutes requiring proof of a predicate offense), we decline to consider the argument in this appeal.  *See Jackson v. West*, 787 F.3d 1345, 1358 n.7 (11th Cir. 2015) (noting that a party waives an argument when it fails to meaningfully elaborate on it or provide any citation of authority in support of it) (citations omitted).

873 F.3d 846, 859 (11th Cir. 2017) (quoting *United States v. Williams*, 642 F.2d 136, 139 (5th Cir. Unit B 1981). Funez has not identified—and we are not aware of—any statute creating a difference under the present circumstances.

Moreover, this Court has previously observed that in determining a sentence a district court is even authorized under certain circumstances to consider information about criminal conduct that resulted in the defendant's arrest without ever resulting in a conviction. *See United States v. Williams*, 989 F.2d 1137, 1142 (11th Cir. 1993) (holding that a district court did not err when it considered criminal conduct leading to prior arrests when other reliable information is present and the district court does not rely on an arrest record alone). Our review of the record indicates that none of the details described in paragraphs 32 or 34 of the PSI were taken from an arrest record or other document that is *per se* unreliable. Instead, all of the details were derived from either an information or an affidavit of complaint that was submitted to a court and that ultimately led to Funez's no contest convictions.

For the foregoing reasons, and because Funez has not presented any clear or binding authority to the contrary, the district court did not commit reversible procedural error when it failed to distinguish between facts derived from Funez's no contest convictions and his guilty pleas.

II.

*Consideration of State Sentence*

In his second enumeration of error, Funez argues on appeal that the district court's imposition of a consecutive sentence was both procedurally and substantively unreasonable because the district court relied solely on the leniency of his prior state convictions in reaching its decision. Again, we disagree.

As a general rule, multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a); *see also United States v. Ballard*, 6 F.3d 1502, 1506 (11th Cir. 1993) (noting that § 3584(a) and the sentencing guidelines "evince a preference for consecutive sentence when imprisonment terms are imposed at different times"). When determining whether sentences are to be run concurrently or consecutively, a district court is required to consider the factors set forth in 18 U.S.C. § 3553(a), *Id.* § 3584(b), but the Supreme Court has also indicated that district courts generally "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences they impose, or that may have been imposed in other proceedings, including state proceedings." *Sester v. United States*, 556 U.S. 231, 236, 129 S. Ct. 1498, 1515 (2012).

The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over the others. *United States v. Dougherty*, 754 F.3d

10

1353, 1361 (11th Cir. 2014).  The district court sufficiently addresses the § 3553(a) factors when it acknowledges that it has considered the factors and the defendant's arguments.  *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008).  It need not discuss or state each factor explicitly.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  Finally, under the applicable standard of review, "we are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010).

In *United States v. Shaw*, this Court affirmed an upward sentencing variance based on criminal history while noting the many grants of leniency the defendant had previously received.  560 F.3d 1230, 1232–33, 1239–41 (11th Cir. 2009).  We also noted with approval that the district court had observed, among other factors, "that shorter sentences had done nothing to get Shaw off his determined course of crime."  *Id.* at 1240–41.

In the present case, after hearing arguments from Funez and the government during the sentencing hearing, the district court expressly acknowledged that it had "considered all of the factors identified in Title 18 of the United States Code, Sections 3553(a) 1 through 7."  And while the district court did emphasize the term

11

of Funez's state sentence in determining whether to apply his sentences concurrently or consecutively, the transcript of the sentencing hearing reveals that the district court also considered in greater detail other § 3553(a) factors, including Funez's criminal history and characteristics, as well as the reality that imposing concurrent sentences could result in a "free pass" on the illegal reentry case then before the district court.  Before imposing its consecutive sentence, the district court commented that it was "inclined to give [Funez] the bottom of the guidelines of 46."

We hold that Funez's sentence was not procedurally or substantively unreasonable because it is not outside the range of reasonable sentences dictated by the facts of the case, and because the district court did not give significant weight to an improper or irrelevant factor.

Upon review of the record and consideration of the parties' briefs, we affirm the sentence and remand for the limited purpose of allowing the district court to comply (or otherwise confirm that it already has complied) with the ministerial requirements of Rule 32(i)(3)(C) of the Federal Rules of Criminal Procedure.

AFFIRMED and REMANDED.