[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12109
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00245-SDM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM JEROME HOWARD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2019)

Before MARCUS, BRANCH and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, William Jerome Howard, Jr., appeals his 168-month sentence for possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).  Howard raises the following issues for the first time on appeal.  Howard argues that the district court plainly erred when it subjected him to: (1) a career offender sentence enhancement under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1; and (2) a ten-year statutory mandatory minimum term of imprisonment pursuant to an enhancement under 21 U.S.C. § 841(b)(1)(B).  Howard contends that he does not qualify for either of those enhancements because his prior Florida drug convictions, under Fla. Stat. § 893.13, do not constitute (1) "controlled substance offenses" under the career offender guidelines or (2) "felony drug offenses" for purposes of the mandatory minimum statute.

After careful review of the briefs and record, we affirm.

## I.  FACTUAL BACKGROUND

### A.    Offense Conduct

In January 2017, a law enforcement officer attempted to stop a car for running a red light.  Instead of pulling over, the driver, who was later identified to be Howard, drove away from the officer, but eventually spun out of control before coming to a stop.  Howard then abandoned the car and fled on foot with a cloth bag in his hand.  Additional officers arrived and eventually arrested Howard.  During a

2

search incident to Howard's arrest, the officers looked in Howard's cloth bag and found one plastic bag containing approximately 94 grams of cocaine base and another plastic bag containing approximately 28 grams of cocaine.

As a result, a grand jury indicted Howard on one count of possessing with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  Howard initially pled not guilty.

## B.    Prior Convictions

As relevant background to the enhancements, in July 2009, Howard was arrested and charged with possessing 28 grams or more but less than 200 grams of cocaine.  In March 2012, Howard pled guilty to one felony count of possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13(1)(a)(1).[1]  In June 2012, Howard was sentenced to 30 months' imprisonment, followed by 24 months' community control and 6 months' probation, to run concurrently with his 2011 offenses below.

In January 2011, Howard sold 2.8 grams of crack cocaine to an officer.  He committed this offense while on bond and awaiting trial for his 2009 felony offense.  In May 2011, Howard fled from law enforcement officers, and officers executed a search warrant at Howard's residence the next day.  Officers found 25.9

---

[1]In his brief on appeal, Howard indicates which subsections of Fla. Stat. § 893.13 form the bases of all of his prior drug convictions.

grams of cocaine in a coat in Howard's closet and .2 grams of cocaine base in the dining room.  In May 2011, Howard was arrested and charged with two counts of sale of cocaine, in violation of Fla. Stat. § 893.13(1)(a)(1), three counts of possession of cocaine, in violation of Fla. Stat. § 893.13(6)(a), and one count of fleeing or eluding, in violation of Fla. Stat. § 316.1935.  In March 2012, Howard pled guilty to all six crimes.  In June 2012, Howard was sentenced on each crime to 30 months' imprisonment, followed by 24 months' community control and 6 months' probation, all to run concurrently with each other and with his 2009 offense above.

In February 2014, Howard was released from prison.  Howard's term of community control was converted to probation in February 2015, and his probation was terminated in May 2015.

The parties refer to Howard's prior Florida drug offenses in 2009 and 2011 collectively as the 2012 convictions because he was sentenced on all of them in 2012.  However, for clarity, we separately refer to his prior conviction for one count of possession of cocaine with intent to sell as the "2009 offense" and his prior convictions for two counts of sale of cocaine and three counts of possession of cocaine as the "2011 offenses."[2]

---

[2]In the district court and on appeal, Howard has not disputed that he actually has these convictions.  Rather, he contends they do not qualify as predicates for the sentencing enhancements in his case.

## C.    Guilty Plea

Before Howard pled guilty to the instant federal drug offense, the government filed an information and notice of prior convictions, pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851, charging that Howard was subject to enhanced penalties based on his prior Florida felony drug convictions.  Specifically, the § 851 notice stated that Howard was convicted of his 2011 offenses, namely two counts of selling cocaine, in violation of  Fla. Stat. § 893.13(1)(a)(1), and three counts of possessing cocaine, in violation of Fla. Stat. § 893.13(6)(a).  The § 851 notice stated that, because Howard's five 2011 offenses were felony drug offenses within the meaning of 21 U.S.C. § 841(b)(1)(B), Howard faced a statutory mandatory minimum term of ten years' imprisonment for his instant federal drug charge.

Subsequently, Howard decided to plead guilty.  At his change-of-plea hearing, Howard stated that he was not pleading guilty pursuant to a plea agreement.  The magistrate judge explained the effect that entry of a guilty plea would have on Howard's sentence.  In particular, the magistrate judge advised Howard that (1) the government had filed a § 851 notice of sentence enhancement asserting that Howard had prior convictions for felony drug offenses, and (2) if Howard pled guilty, he would be subject to a statutory mandatory minimum term

5

of ten years' imprisonment.  The magistrate judge asked Howard if he understood the punishment consequences of his plea, and Howard responded yes.  At that time, Howard confirmed that he previously was convicted of at least one felony drug offense, namely the sale of cocaine.

The magistrate judge then found that Howard was fully competent and capable of entering an informed plea, he was aware of the consequences of the plea and the nature of the charges, and his guilty plea was knowing and voluntary.  The magistrate judge recommended that Howard's guilty plea be accepted.  Without objection, the district court accepted Howard's guilty plea and adjudged him guilty.

## D.    Sentencing

Howard's presentence investigation report ("PSI") assigned him a total offense level of 34.  His total offense level included an enhancement for being a career offender under U.S.S.G. § 4B1.1 because he had two prior "controlled substance offenses."  See U.S.S.G. § 4B1.1(a) (stating, in relevant part, that a defendant is a career offender if he has at least two prior felony convictions for a "controlled substance offense").  In fact, Howard had three prior Florida drug convictions for (1) possession of cocaine with intent to sell (one count in 2009), in violation of Fla. Stat. § 893.13(1)(a)(1), and (2) sale of cocaine (two counts in 2011), in violation of Fla. Stat. § 893.13(1)(a)(1), that were felony controlled

6

substance offenses.  Howard's criminal history category was IV.  His status as a career offender increased his criminal history category to VI.

Further, the PSI indicated that the § 841(b)(1)(B) enhancement required only one prior "felony drug offense" conviction to trigger his statutory mandatory minimum term of imprisonment of ten years to life.  See 21 U.S.C. § 841(b)(1)(B) (stating that where an individual violates § 841(a)(1) after a prior conviction for a "felony drug offense" has become final, the mandatory minimum corresponding term of imprisonment becomes ten years to life).  Based on a total offense level of 34 and a criminal history category of VI, Howard's advisory guidelines range was 262 to 327 months' imprisonment.[3]

Prior to sentencing, Howard filed a sentencing memorandum and motion for a downward variance, in which he admitted that his 2009 possession of cocaine with intent to sell offense and 2011 sale of cocaine offenses "qualif[ied] as controlled substance[] offenses under USSG § 4B1.1."  Howard argued that a sentence within his advisory guidelines range resulting from the career offender enhancement would result in an unjust sentence contrary to a reasoned consideration of the 18 U.S.C. § 3553 factors, and, therefore, he requested a

---

[3]Without the career offender or § 841(b)(1)(B) enhancement, Howard would have had a total offense level of 21 and a criminal history category of IV, resulting in an advisory guidelines range of 57 to 71 months' imprisonment.  If only the § 841(b)(1)(B) enhancement applied for a felony drug offense, his guidelines range would have been the statutory mandatory minimum sentence of 120 months' imprisonment.  See U.S.S.G. § 5G1.1(b).

downward variance. Howard stated that the statutory mandatory minimum term of ten years' imprisonment would be more than sufficient but not greater than necessary to satisfy the purposes of sentencing in § 3553. Also, Howard's counsel stated that he remained hopeful that the government would withdraw the § 841(b)(1)(B) enhancement, and if that happened, defense counsel would propose that the district court sentence Howard to a sentence near the five-year mandatory minimum term of imprisonment applicable without the statutory enhancement.

At sentencing, Howard stated that he had no objections to the PSI's facts or guidelines calculations. In particular, Howard said that he had no objection to his total offense level of 34 and criminal history category of VI as calculated in the PSI. The district court adopted the PSI's facts and guidelines calculations. Howard argued that, based on the 18 U.S.C. § 3553(a) sentencing factors, the district court should impose "the minimum sentence that the [c]ourt at this point is authorized to impose . . . and that would be a sentence of ten years."

After hearing from the parties and considering the advisory guidelines range, the career offender provisions, the § 3553(a) factors, and Howard's sentencing memorandum, the district court varied downward by 94 months from the low end of the guidelines range (262 to 327 months) and imposed a sentence of 168 months' imprisonment. Neither Howard nor the government objected to the sentence imposed or the manner in which the sentence was announced.

8

## II.  DISCUSSION

On appeal and for the first time, Howard argues that the district court plainly erred in finding that his prior Florida drug convictions, under Fla. Stat. § 893.13, qualified as either "controlled substance offenses" under U.S.S.G. § 4B1.1's career offender provision or "felony drug offenses" under the 21 U.S.C. § 841(b)(1)(B) enhancement.  He argues that § 4B1.2's definition of a "controlled substance offense" and 21 U.S.C. § 802(44)'s definition of a "felony drug offense" encompass only substances that are federally controlled, whereas Fla. Stat. § 893.13 criminalizes substances that are both federally and state controlled but also some substances that are only state controlled.  Relying on the categorical approach, Howard contends that the term "controlled substance" in Fla. Stat. § 893.13 is indivisible and overbroad, and thus this Court must presume that his prior Florida drug convictions all rested upon illegal substances that are not federally controlled.  Therefore, Howard argues that, because such Florida drug offenses do not satisfy the definition of a "controlled substance offense" or "felony drug offense," the district court plainly erred in sentencing him as a career offender and under the § 841(b)(1)(B) enhancement.

## A.    Standard of Review

We generally review the application of law to sentencing issues de novo. United States v. Mejias, 47 F.3d 401, 403 (11th Cir. 1995).  However, where a

9

defendant raises a sentencing argument for the first time on appeal, we review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under the plain error rule, we will reverse a district court's decision only if there is: "(1) error, (2) that is plain, [] (3) that has affected the defendant's substantial rights," and (4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Hesser, 800 F.3d 1310, 1324 (11th Cir. 2015). "An error is plain if it is obvious and clear under current law." United States v. Eckhardt, 466 F.3d 938, 948-49 (11th Cir. 2006) (concluding that "[b]ecause neither this Circuit nor any other has published an opinion addressing this issue, the district court did not commit plain error" when it imposed a sentencing enhancement). "When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006) (quotation marks omitted).

**B.    Career Offender Enhancement**

Under U.S.S.G. § 2D1.1, the base offense level for Howard's instant federal offense of possession with the intent to distribute 28 grams of more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), is 24. See U.S.S.G. § 2D1.1(c)(8). However, that offense level automatically increases to a level dictated by the chart found in § 4B1.1(b) if the defendant qualifies as a career offender under

10

§ 4B1.1(a).  U.S.S.G. § 4B1.1(a) & (b).  Similarly, a career offender's criminal history category is always VI.  Id. § 4B1.1(b).

A defendant is a career offender under the Guidelines if: (1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a "crime of violence" or a "controlled substance offense"; and (3) he has at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense."  Id. § 4B1.1(a).   The Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  Id. § 4B1.2(b) (emphasis added).

Howard's relevant drug convictions are under Fla. Stat. § 893.13(1)(a), which provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  Fla. Stat. § 893.13(1)(a).[4]  This Court expressly held in United States v. Smith, 775 F.3d

---

[4]Howard does not dispute that his drug convictions are all felonies under Florida law and punishable by more than one year of imprisonment.  For example, a violation of § 893.13(1)(a) involving cocaine is a second-degree felony, punishable by up to 15 years' imprisonment. Fla. Stat. § 893.13(1)(a)(1); Fla. Stat. § 775.082(3)(d); Fla. Stat. § 893.03(2)(a)(4).

11

1262, 1268 (11th Cir. 2014), that a drug conviction under Fla. Stat. § 893.13(1) is a "controlled substance offense" under the career offender provision in U.S.S.G. § 4B1.2(b). See also United States v. Pridgeon, 853 F.3d 1192, 1197-98 (11th Cir.) (following Smith), cert. denied, 138 S. Ct. 215 (2017). In Smith, the defendant was sentenced as a career offender under § 4B1.1(a) because his prior Florida convictions for possession of marijuana with intent to sell and possession of cocaine with intent to sell, both in violation of Fla. Stat. § 893.13(1)(a), were "controlled substance offenses." 775 F.3d at 1265. In addressing the defendant's argument, this Court determined that the definition of a "controlled substance offense" under § 4B1.2(b) did not require that a predicate state offense include an element of mens rea with respect to the illicit nature of the controlled substance, and, therefore, Fla. Stat. § 893.13(1) qualified as a "controlled substance offense." Id. at 1268. Smith involved the same definition of "controlled substance offense" in § 4B1.2(b) that applies to Howard's case. See Smith, 775 F.3d at 1267-68; U.S.S.G. § 4B1.2(b) (2016).

Here, Howard's challenge to the district court's determination that his prior convictions under Fla. Stat. § 893.13(1)(a)(1) constitute "controlled substances offenses" is precluded by our binding precedent in Smith. See id. We recognize that Howard contends that the prior panel precedent rule is of little value in his case because this Court has not considered his particular argument that Fla. Stat.

12

§ 893.13 is indivisible and criminalizes substances that are not federally controlled.[5]  However, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."  United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).  "[A] prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel."  Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227, 1234 (11th Cir. 2006).

In light of our binding precedent, the district court properly concluded that Howard's prior Florida 2009 possession of cocaine with intent to sell offense and 2011 sale of cocaine offenses, all violations of Fla. Stat. § 893.13(1)(a)(1), qualified as "controlled substance offenses" under U.S.S.G. § 4B1.2(b).  See Smith, 775 F.3d at 1268.  Because Howard had at least two convictions for "controlled substance offenses," the district court did not err in determining that Howard was a career offender under § 4B1.1.[6]

---

[5]We reject Howard's argument that "controlled substance" under § 4B1.2 refers only to those illegal substances that are federally controlled.  Instead, § 4B1.2 explicitly refers to "controlled substance offense" as an "offense under federal or state law."  U.S.S.G. § 4B1.2(b).  In any event, even if the text of § 4B1.2 is somehow ambiguous elsewhere as Howard argues, the main decision in this regard that Howard cites is materially distinguishable because cocaine is both federally and state controlled and his prior Florida convictions were for cocaine-related crimes, whereas the decision Howard cites involved a state controlled substance that was not federally controlled.  See, e.g., United States v. Townsend, 897 F.3d 66, 68, 74-75 (2d Cir. 2018) (concluding that a defendant's prior state conviction for the sale of Human Chorionic Gonadotropin ("HCG") could not be a predicate offense for an enhanced sentence under U.S.S.G. § 2K2.1(a) because the sale of HCG is only criminalized by the state).

[6]Howard actually has three qualifying controlled substance offenses–two sale of cocaine

13

**C.    21 U.S.C. § 841(b)(1)(B) Enhancement**

Returning to Howard's instant federal offense, we discuss the relevant statutory mandatory minimum sentence.  Howard was convicted of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).  Ordinarily, the penalty for Howard's conviction under § 841(a)(1) is a term of imprisonment of 5 to 40 years.  21 U.S.C. § 841(b)(1)(B)(iii).  However, § 841(b)(1)(B) provides that where an individual violates § 841(a)(1) after a prior conviction for a "felony drug offense" has become final, the mandatory minimum corresponding term of imprisonment becomes ten years to life.  Id. § 841(b)(1)(B).

A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44) (emphasis added).  Cocaine is a narcotic drug.  Id. § 802(17)(D).  To support a § 841(b)(1)(B) statutory mandatory minimum sentence, the government must file an information notifying the defendant of the enhancement and the prior convictions upon which it is based.  21 U.S.C. § 851(a)(1).  The government undisputedly did that in this case.

---

convictions and one possession of cocaine with intent to sell conviction.

14

Here, Howard has not demonstrated that the district court erred, plainly or otherwise, in determining that his five 2011 offenses for the sale and possession of cocaine qualified as "felony drug offenses" for purposes of the § 841(b)(1)(B) enhancement.[7]  A "felony drug offense" under § 802(44) is defined to include an offense that is punishable by imprisonment for more than one year under any state law that prohibits conduct relating to narcotic drugs.   21 U.S.C. § 802(44).

Howard's 2011 offenses were under both Fla. Stat. § 893.13(1)(a)(1) prohibiting the sale of cocaine and Fla. Stat. § 893.13(6)(a) prohibiting the possession of cocaine.  Fla. Stat. §§ 893.13(1)(a), (6)(a).  A violation of § 893.13(1)(a)(1) involving cocaine is punishable by up to 15 years' imprisonment, and a violation of § 893.13(6)(a) involving cocaine is punishable by up to 5 years' imprisonment.  Fla. Stat. §§ 893.13(1)(a)(1), (6)(a); Fla. Stat. §§ 775.082(3)(d), (e); Fla. Stat. § 893.03(2)(a)(4).  Therefore, the district court did not err in determining that Howard was subject to a ten-year statutory mandatory minimum term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).[8]

---

[7]The government gave the § 851 notice as to the five 2011 offenses but not as to the one 2009 offense.

[8]Alternatively, the government argues that Howard is not entitled to relief because he invited the district court to sentence him as a career offender and pursuant to the enhancement under § 841(B)(1)(b).  We need not address this argument.  Even if Howard invited his sentence enhancements, Howard has not shown that the district court erred in imposing them.

15

## III.  CONCLUSION

For the reasons stated, we affirm Howard's 168-month sentence.

**AFFIRMED.**